**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Elvia Reyes**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Louisville Bedding Company**, a Delaware corporation, **Stephen Elias and Jane Doe Elias**, a married couple; **Richard Askren and Jane Doe Askren**, a married couple; and **Robin Owens and John Doe Owens**, a married couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Elvia Reyes ("Plaintiff" or "Elvia Reyes"), sues the Defendants, Louisville Bedding Company; Stephen Elias and Jane Doe Elias; Richard Askren and Jane Doe Askren; and Robin Owens and John Doe Owens ("Defendants" or "Louisville Bedding Co.") and alleges as follows:

-1-

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.     Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.     Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

5.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

8.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

9.    At all material times, Defendant Louisville Bedding Company was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Louisville Bedding Company does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10.    At all relevant times, Defendant Louisville Bedding Company is owned and operated as "Louisville Bedding Company," a bed manufacturing company doing business in the Phoenix Metropolitan Area.

11.    Under the FLSA, Defendant Louisville Bedding Company is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Louisville

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-3-

Bedding Company had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant Louisville Bedding Company is subject to liability under the FLSA.

12.    On information and belief, Defendants Stephen Elias and Jane Doe Elias are, upon information and belief, husband and wife.  On information and belief, they have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  On information and belief, Stephen Elias and Jane Doe Elias are owners of Louisville Bedding Company and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.    On information and belief, under the FLSA, Defendants Stephen Elias and Jane Doe Elias are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  On information and belief, at all relevant times, Defendants Stephen Elias and Jane Doe Elias had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  On information and belief, as persons who acted in the interest of Defendants in relation to Louisville Bedding Company employees, Defendants Stephen Elias and Jane Doe Elias are subject to individual liability under the FLSA.

-4-

14.    On information and belief, Defendants Richard Askren and Jane Doe Askren are, upon information and belief, husband and wife.  On information and belief, they have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  On information and belief, Richard Askren and Jane Doe Askren are owners of Louisville Bedding Company and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.    On information and belief, under the FLSA, Defendants Richard Askren and Jane Doe Askren are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  On information and belief, at all relevant times, Defendants Richard Askren and Jane Doe Askren had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  On information and belief, as persons who acted in the interest of Defendants in relation to Louisville Bedding Company employees, Defendants Richard Askren and Jane Doe Askren are subject to individual liability under the FLSA.

16.    On information and belief, Defendants Robin Owens and John Doe Owens are, upon information and belief, husband and wife.  On information and belief, they have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  On information and belief, Robin Owens and John Doe Owens are owners of Louisville Bedding Company and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.    On information and belief, under the FLSA, Defendants Robin Owens and John Doe Owens are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  On information and belief, at all relevant times, Defendants Robin Owens and John Doe Owens had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  On information and belief, as persons who acted in the interest of Defendants in relation to Louisville Bedding Company employees, Defendants Robin Owens and John Doe Owens are subject to individual liability under the FLSA.

18.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19.    Defendants, and each of them, are sued in both their individual and corporate capacities.

20.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

25.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29.    Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

31.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

32.    Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

33.     Defendants own and/or operate as Louisville Bedding Company, an enterprise doing in Maricopa County, Arizona.

34.     Louisville Bedding Company is an enterprise that is a bed manufacturing company doing business in the Phoenix Metropolitan Area.

35.     Plaintiff worked for Defendants full-time for approximately 23 years.

36.     In or around 1999, Plaintiff began working for Defendants as a shipping clerk.

37.     Throughout Plaintiff's work for Defendants, Defendants paid her an hourly rate of $20.

38.     At all relevant times, Defendants paid Plaintiff for no more than 40 hours per week.

39.     At all relevant times, Defendants paid Plaintiff for no more than 40 hours per week, even though Plaintiff generally worked in excess of 40 hours per week during every workweek she worked for Defendants.

40.     Plaintiff worked for Defendants until approximately October 24, 2022.

41.     During Plaintiff's employment with Defendants, Plaintiff typically worked approximately 50 hours or more per week.

42.     Plaintiff was compensated an hourly rate of $20, for no more than 40 hours per week, throughout her employment with Defendants.

43.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

44.     At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rates of pay for time spent working in excess of 40 hours in a given workweek.

45.     Indeed, at all relevant times, Defendants did not pay Plaintiff any wage whatsoever for time spent working in excess of 40 hours in a given workweek.

46.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

47.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any wage whatsoever, in violation of the FLSA, 29 U.S.C. § and 207(a).

48.     Plaintiff was not a manager in her work for Defendants.

49.     Plaintiff did not have supervisory authority over any employees in her work for Defendants.

50.     Plaintiff did not possess the authority to hire or fire employees in her work for Defendants.

51.     Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in her work for Defendants.

52.     Plaintiff did not direct the work of two or more employees in her work for Defendants.

53.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in her work for Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

54.     Plaintiff did not perform office or non-manual work for Defendants in her work for Defendants.

55.     Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise in her work for Defendants.

56.     At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

57.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

58.     Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

59.     As a result of Defendants' willful failure to compensate Plaintiff all wages due and owing at her regular rate of pay for such hours worked in excess of 40 hours in a given workweek, Defendants violated the AWA, A.R.S., § 23-351.

60.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

61.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

62.     At all relevant times, Plaintiff was a non-exempt employee.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

63.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

64.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

65.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

70.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

71.     As a result of Defendants' failure to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

72.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

73.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

74.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

75.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

76.     Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Elvia Reyes, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one of more of the following acts:

  i.   Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

  ii.  Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.   For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

### COUNT FOUR: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING
### DEFENDANTS LOUISVILLE BEDDING COMPANY ONLY

77.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.   As a result of the allegations contained herein, Defendant Louisville Bedding Company did not compensate Plaintiff wages due and owing to her.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

79.    Defendant Louisville Bedding Company in such conduct in direct violation of A.R.S. § 23-350.

80.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendant Louisville Bedding Company.

81.    Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Elvia Reyes, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Louisville Bedding Company:

A.    For the Court to declare and find that the Defendant Louisville Bedding Company violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-14-

1    RESPECTFULLY SUBMITTED this 11th day of January 2022.

2

3                                              BENDAU & BENDAU PLLC

4                                              By: /s/ *Clifford P. Bendau, II*
                                               Christopher J. Bendau
5                                              Clifford P. Bendau, II
                                               *Attorneys for Plaintiff*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-15-

## **VERIFICATION**

1

2     Plaintiff, Elvia Reyes, declares under penalty of perjury that she has read the

3 foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4 asserted therein are true and based on her personal knowledge, except as to those matters

5 stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                     *Elvia Reyes*
                                    Elvia Reyes (Jan 11, 2023 17:49 MST)

9                                     Elvia Reyes

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-16-